UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | CASE NO. 13-CR-6029-EFS |
|---|---|
| Plaintiff/Respondent, | (No. 4:16-CV-5107-EFS) |
| v. | **ORDER DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 AND CLOSING FILE** |
| VALENTINA CAMACHO VALENCIA, | |
| Defendant/Petitioner. | |

Before the Court is Petitioner Valentina Camacho Valencia's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255.[1] ECF No. 93. Ms. Valencia asks the Court to resentence her based on Amendment 794 to the sentencing guidelines (Guidelines). Ms. Valencia argues that Amendment 794 applies retroactively to her case and that, when the Amendment is applied, she is entitled to a reduction in her sentence. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court denies the § 2255 motion.

---

[1] Because Ms. Valencia brings this motion pro se, the Court construes her petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

ORDER – 1

**A.    Background**

On June 4, 2013, an indictment was filed charging Ms. Valencia with one count of knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. ECF No. 15. Counsel was appointed to represent Ms. Valencia. ECF Nos. 5 & 55.

On September 12, 2013, Ms. Valencia entered a guilty plea to the single-count indictment pursuant to a written plea agreement. ECF Nos. 38, 39 & 40. Based on an offense level of 33 and a criminal history category of I, the Court found that the advisory Guidelines range was 135-168 months' imprisonment. ECF No. 78. At the April 17, 2014 sentencing, the Court sentenced Ms. Valencia to 96 months' imprisonment. ECF Nos. 96, 77 & 78. No appeal was filed in this matter.

Since sentencing, Ms. Valencia has filed five motions for reduction of sentence. ECF Nos. 81, 83, 85, 87 & 90. The Court denied each of these motions based on a failure to provide grounds for a reduction. ECF Nos. 82, 84, 86, 88 & 91. On August 1, 2016, Ms. Valencia filed the instant § 2255 motion. ECF No. 93.

**B.    Standard**

A prisoner may use a § 2255 motion to seek relief on the grounds that 1) her judgment was rendered without jurisdiction, 2) the imposed sentence was not authorized by law, or 3) the judgment is vulnerable to collateral attack because the petitioner's constitutional rights were denied or infringed. 28 U.S.C. § 2255. Unless the § 2255 motion and record conclusively show that Ms. Valencia is not entitled to §

2255 relief, the Court is to serve the § 2255 motion on the U.S. Attorney's Office. *Id.; see United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("[A] district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous.").

**C.  Analysis**

Amendment 794 changed the language of the commentary to Guidelines § 3B1.2 to allow for the broader and more uniform application of the mitigating role sentencing factor. The Ninth Circuit has held that Amendment 794 is a clarifying amendment that applies retroactively on direct review. *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (2016). It is less clear whether Amendment 794 applies retroactively on collateral review.[2]

Regardless, while Ms. Valencia brings her claim under 28 U.S.C. § 2255, she has not provided any evidence that she is entitled to relief under that statute. She does not claim that her sentence was rendered without jurisdiction, that her sentence is illegal, or that her constitutional rights have been infringed. Even if Ms. Valencia had claimed an appropriate justification for relief under § 2255, her claim would have failed.

---

[2] Amendment 794 was made retroactive by the United States Sentencing Commission. U.S.S.G. § 1B1.10(d). In this case, the Court need not decide whether Amendment 794 would ever apply retroactively on collateral review.

ORDER - 3

1        First, Ms. Valencia's motion is untimely under § 2255. Such a

2   motion must be brought within one year of:

3        (1)  the date on which the judgment of conviction becomes
             final;

4

5        (2) the date on which the impediment to making a motion
             created by governmental action in violation of the
             Constitution or laws of the United States is removed,

6            if the movant was prevented from making a motion by
             such governmental action;

7

8        (3) the date on which the right asserted was initially
             recognized by the Supreme Court, if that right has
             been newly recognized by the Supreme Court and made

9            retroactively applicable to cases on collateral
             review; or

10

11       (4) the date on which the facts supporting the claim or
             claims presented could have been discovered through
             the exercise of due diligence.

12

13   28 U.S.C. 2255(f). Ms. Valencia's judgment became final over two years

     ago and passage of Amendment 794 is not the type of event that

14

     restarts the clock for the § 2255 statute of limitations. Accordingly,

15

     this motion is untimely.

16

17       Second, Amendment 794 and the resulting change in Guidelines

     § 3B1.2 do not apply to Ms. Valencia. Section 3B1.2 now requires

18

     courts to consider five factors in determining whether a defendant

19

     qualifies for a minor role reduction:

20

21       (i)  the degree to which the defendant understood the
             scope and structure of the criminal activity;

22       (ii) the degree to which the defendant participated in
             planning or organizing the criminal activity;

23

24       (iii)the degree to which the defendant exercised decision-
             making authority or influenced the exercise of
             decision-making authority;

25

26       (iv) the nature and extent of the defendant's
             participation in the commission of the criminal

ORDER – 4

activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

(v)    the degree to which the defendant stood to benefit from the criminal activity.

*Quintero-Leyva*, 823 F.3d at 523. These factors are non-exhaustive and a district court may also consider other factors when determining whether to apply the reduction. *Id.*

Ms. Valencia was convicted of possession with the intent to distribute 500 or more grams of methamphetamine. Specifically, Ms. Valencia stored the drugs and sold them from her home. Multiple informants described Ms. Valencia facilitating buys and handling significant amounts of money. ECF No. 72. Police ultimately found over four pounds of high-purity methamphetamine in Ms. Valencia's home. *Id.* ¶ 31. The probation officer indicated that Ms. Valencia's claims of acting only at the direction of others were incredible. *Id.* ¶ 32.

Under the § 3B1.2 factors, Ms. Valencia clearly understood the scope of the criminal activity in which she engaged because she was handling large quantities of methamphetamine and facilitating purchases of the drug. Ms. Valencia organized the drug sales and communicated directly with buyers. It appears that Ms. Valencia had decision-making authority over the sales of the drug, and probation did not credit Ms. Valencia's assertion that she had no authority and was only acting at the direction of others. Ms. Valencia was intimately involved in the criminal scheme and was responsible for large quantities of drugs and money. Although it is unclear whether Ms. Valencia herself benefited financially from the scheme, she was

1  handling significant amounts of money and it can be understood that
2  she was likely to benefit from the activity.

3      Accordingly, none of the § 3B1.2 factors clearly weigh in Ms.
4  Valencia's favor, while a number of factors certainly weigh against an
5  adjustment. Ms. Valencia therefore does not qualify for a minor role
6  sentencing reduction. The fact that such a reduction was not applied
7  in her case does not result in an illegal or unconstitutional sentence
8  as required for relief under § 2255.

9      Ms. Valencia's claim would therefore have been more
10 appropriately brought under 18 U.S.C. § 3582 as a motion for
11 modification of her sentence. Still, even if Ms. Valencia's claim were
12 construed as a motion under § 3582, her claim would fail because
13 clarifying amendments do not apply retroactively in a motion under
14 § 3582. *United States v. Stokes*, 300 F. App'x 507, 508 (9th Cir.
15 2008). Regardless, because Ms. Valencia is not eligible for a
16 reduction under § 3B1.2, even if the Court were to find that Amendment
17 794 applied retroactively to Ms. Valencia's claim, the motion would
18 fail.
19 ////////
20 ///////
21 //////
22 /////
23 ////
24 ///
25 //
26 /

ORDER – 6

**D.    Conclusion**

     For the above-given reasons, **IT IS HEREBY ORDERED**:

     1.    Mr. Valencia's Motion to Vacate, Set Aside, or Correct a
           Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 93**, is
           **DENIED**.

     2.    The Court **DECLINES** to issue a certificate of appealability.

     3.    This file shall be **CLOSED**.

     **IT IS SO ORDERED.** The Clerk's Office is directed to enter this
Order and provide copies to Ms. Valencia:

                     Valentina Camacho Valencia (14878-085)
                       Federal Correctional Institution
                              P.O. Box 4000
                          Aliceville, AL  35442


     **DATED** this  _25th_ day of August 2016.


                          s/Edward F. Shea
     ────────────────────────────────────────────────
                          EDWARD F. SHEA
                   Senior United States District Judge

Q:\EFS\LawClerk\Gillian\Criminal Cases\13-6029\13-6029.Valencia.2255.deny.lc02.docx

ORDER - 7