UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>VALENTINA CAMACHO VALENCIA,<br><br>    Defendant/Petitioner. | CASE NO. 13-CR-6029-EFS<br>(No. 4:17-CV-5125-EFS)<br><br>**ORDER DENYING PETITIONER'S SUCCESSIVE 28 U.S.C. § 2255 MOTION FOR FAILURE TO COMPLY WITH § 2255(h) AND CLOSING FILE** |

Before the Court is Petitioner Valentina Camacho Valencia's "Habeas Corpus Pursuant to Article 1, Section 9, Clause 2 and 28 U.S.C. § 2255 of the United States Constitution, 1789." ECF No. 95. The Court construes this motion as a motion to vacate or set aside sentence under 28 U.S.C. § 2255.

Ms. Valencia asks the Court to release her from custody because she "has discovered new evidence that, if proven and viewd [sic] in light of the evidence as a whole that no reasonable factfinder would vote against her." ECF No. 95 at 2. Among other things, Ms. Valencia argues that "[a]t the time of Affiant guilty plea and sentence, she discovered that she was tricked into signing an Unconscionable Contract; The Respondents never disclosed who the REAL PARTY in INTEREST was; Nor did they produce any legal Contract between the two parties herein." ECF No. 95 at 2.

ORDER - 1

Ms. Valencia previously filed a § 2255 motion on August 1, 2016. ECF No. 93. The Court denied that motion on August 25, 2016. ECF No. 94. Section 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 9 — Second or Successive Motions ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Because Ms. Valencia has not provided documentation that she obtained a § 2255(h) certificate from the Ninth Circuit before filing this successive § 2255 motion, the Court denies the motion.

To the extent Ms. Valencia may be attempting to bring a habeas petition under 28 U.S.C. § 2241, the Court also denies that petition. Ms. Valencia is currently serving her sentence at the BOP facility in Aliceville, Alabama. When an inmate argues that he is in custody in violation of the Constitution or law, she must name her custodian as respondent and bring the petition in a federal district court with jurisdiction over her custodian. 28 U.S.C. § 2241; *Doganiere v. United States*, 914 F.2d 165, 169-70

ORDER - 2

(holding that § 2241 petition must be addressed to district court having jurisdiction over custodian of the defendant). Accordingly, if Ms. Valencia would like to bring a § 2241 petition, she must file the petition in the Northern District of Alabama, the district of her confinement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Valencia's "Habeas Corpus Pursuant to Article 1, Section 9, Clause 2 and 28 U.S.C. § 2255 of the United States Constitution, 1789," **ECF No. 95**, is **DENIED**.
2. The Court **DECLINES** to issue a certificate of appealability because this was Ms. Valencia's second § 2255 motion and she did not previously obtain certification from the Ninth Circuit to file the second § 2255 motion. *See* 28 U.S.C. § 2253(c)(2).
3. The Clerk's Office is directed to **CLOSE** this file and the related civil file, 4:17-CV-5125-EFS.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Ms. Valencia, counsel, and the Ninth Circuit.

**DATED** this   23rd   day of August 2017.

                               s/Edward F. Shea
                               EDWARD F. SHEA
                  Senior United States District Judge